UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**JORGE MARIO HERRERA**,

        Petitioner,

v.                                    Civ. No. 03-1038 MCA/RHS

**DONALD DORSEY, Warden**, and
**PATRICIA MADRID, Attorney General for
the State of New Mexico**,

        Respondents.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court upon Petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody, filed September 8, 2003. Petitioner, Jorge Mario Herrera, was incarcerated at the time he filed his petition and is proceeding *pro se* and *in forma pauperis.*

In 1979, Herrera was convicted of possession and trafficking a controlled substance (heroin) in New Mexico and was sentenced to a term of ten to fifty years. (Petition at 7A). He was paroled in 1984 and an arrest warrant was issued for parole violation on January 15, 1985. (Petition for Writ of Mandamus Ex. 2). In 1987, Mr. Herrera was arrested in Oklahoma, convicted of possession with intent to distribute a controlled dangerous substance (heroin) and sentenced to sixty years incarceration in that state. (Petition at 7A). On October 2, 2000, Petitioner was paroled in Oklahoma to the New Mexico detainer and his parole was revoked

1

effective January 15, 1985, the date the arrest warrant had been issued. (Petition at 7B). A parole revocation hearing was held on November 1, 2000 and Petitioner was subsequently informed that due to his status as an absconder, he would receive no credit against his sentence for the period January 15, 1985 through October 2, 2000. (Petition at 9E).

     Mr. Herrera filed a state petition for writ of habeas corpus on November 20, 2001, claiming that the parole board abused its discretion for several reasons, including denying him credit against his sentence for the time he was a fugitive and/or the time he served in Oklahoma. (Answer, Ex. A). The state court denied the petition on August 8, 2002. (Answer Ex. F). Herrera filed petitions for writ of certiorari and for writ of mandamus in the New Mexico Supreme Court, both of which were denied October 8, 2002. (Answer. Ex. K, Q) On August 5, 2003, Herrera filed a second state court petition recasting his claim as ineffective assistance of counsel on the first habeas petition. (Answer, Ex. R). The petition was summarily dismissed on August 5, 2003 and Mr. Herrera's Petition for Writ of Certiorari was denied by the New Mexico Supreme Court on September 9, 2003. (Answer, Ex. S, U).

     On September 8, 2003, Mr. Herrera filed his federal habeas petition in this Court, seeking relief under 28 U.S.C. §2254 on the grounds that he was deprived of his due process and equal protection rights by the New Mexico Parole Board (NMPB), that NMPB's decisions resulted in cruel and unusual punishment and that he received ineffective assistance of counsel in his state habeas case. [Doc. No. 1]. On October 20, 2003, this Court transferred the matter to the Tenth Circuit Court of Appeals for a determination of whether Mr. Herrera's petition constituted a second or successive motion for purposes of the gate-keeping provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). (Petitioner had previously filed a federal habeas petition

dealing with other issues which was resolved on the merits. See Herrera v. Kaiser, No. CIV 92-0381). The Tenth Circuit found that the claims in the instant petition did not arise prior to resolution of the first federal habeas case and remanded the petition to this Court on December 12, 2003. (Answer Ex. BB). On February 4, 2004, Petitioner was paroled to an INS detainer and subsequently deported to Mexico. (Answer Ex. A , Letter from Veronica Herrera, Doc. No. 15).

Petitioner seeks relief on the following five grounds: (1) he received ineffective assistance of counsel on his state habeas petitions; (2) the New Mexico Parole Board (NMPB) failed to grant him credit for time spent out of custody after breach of his parole conditions; (3) the NMPB failed to issue a warrant while Petitioner was serving time in Oklahoma; (4) the NMPB did not have jurisdiction to revoke his parole on November 1, 2000; and (5) he was denied due process by NMPB. Each of these claims was presented to the state court and has been exhausted.

Because Petitioner's claims relating to NMPB actions go to the execution of his sentence rather than to the underlying state conviction, § 2241 may be the appropriate federal statute for relief, and the Court could construe those claims as being brought under that statute. United States v. Furman, 112 F. 3d 435, 438 (10th Cir. 1997); Estelle v.McGuire, 502 U. S. 62, 67- 68 (1991). Whether the Petitioner's claim should properly be brought pursuant to § 2254 or § 2241, however, habeas relief is not available unless Petitioner is "in custody." See 28 U. S. C. § 2254( a); id., § 2241( c)( 3).

Respondents move to dismiss Mr. Herrera's petition on the grounds that he is no longer in the lawful custody of Respondents, that he has failed to state any meritorious constitutional claim and that he has not shown that the state court's disposition of his claims was contrary to, or

involved an unreasonable application of, clearly established Supreme Court precedent or was based on an unreasonable determination of the facts in light of the evidence presented as required by §28 U.S.C. 2254(d)(1),(2).

The Supreme Court has predicated the habeas corpus jurisdiction of the federal courts upon detention. In <u>Fay v. Noia,</u> 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), overruled in part on other grounds by <u>Wainwright v. Sykes</u>, 433 U.S. 72, 87-88, 97 S.Ct. 2497, 2507, 53 L.Ed.2d 594 (1977), the Court stated that " habeas lies to enforce the right of personal liberty; when that right is denied and a person confined, the federal court has the power to release him. Indeed, it has no other power;  it cannot revise the state court judgment;  it can act only on the body of the petitioner." 372 U.S. at 430, 83 S.Ct. at 844. While Section 2254 does not require that a petitioner be physically confined in order to challenge his sentence on habeas corpus, <u>see</u> <u>Maleng v. Cook,</u> 490 U.S. 488, 491, 109 S.Ct. 1923, 1925, 104 L.Ed.2d 540 (1989), the Supreme Court has never extended the "in custody" requirement to a situation "where a habeas petitioner suffers no present restraint from a conviction." <u>Id.</u> at 492, 109 S.Ct. at 1926.

If a prisoner is released from custody while the petition is pending, the court's jurisdiction depends upon the existence of "collateral consequences adequate to meet Article III's injury-in-fact requirement." <u>Spencer v. Kemna</u>, 523 U.S. 1, 14, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998); <u>see, e.g., Carafas v. LaVallee</u>, 391 U.S. 234, 237-38, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968) (holding that the defendant's inability to engage in certain businesses, serve in particular offices, vote, and serve as a juror due to his conviction defeated the mootness challenge to his appeal). Because Mr. Herrera's Petition attacks the execution of his sentence, rather than the underlying conviction, collateral consequences are generally not presumed. <u>Spencer</u>, 523 U.S. at

12-14.

Petitioner claims that there are sufficient collateral consequences to warrant continuation of this action. He claims that any term of supervised release (which in this case presumes his lawful reentry into the country to serve that term ) should have been previously completed and that continuation of his probation  might be detrimental to his immigration status should he seek to reenter the United States.

Petitioner  has not shown the necessary  "collateral consequences"  which are required by Spencer.  (See also United States v. Meyers, 200 F.3d 715, 722 (10th Cir. 2000), holding moot an appeal from the revocation of supervised release and resulting imprisonment following completion of that imprisonment.)   Mr. Herrera's convictions for heroin possession and distribution would be the presumptive  basis for denial of a future request to legally  re-enter the United States, not his New Mexico probation. Even if the NMPB decisions at issue in this case were reversed, Petitioner's immigration status would be unchanged.

Petitioner suffers no present restraint from his probation.  He is not entitled to a writ of habeas corpus.

## RECOMMENDED DISPOSITION

The United States Magistrate Judge recommends that Respondent's Motion to Dismiss, filed March 26, 2004 (Doc. No. 16) be **GRANTED**,  that Mr. Herrera's §2254 Petition for the Writ of Habeas Corpus, filed September 8, 2003 [Doc. No. 1] be **DENIED AS MOOT** and that this case be **DISMISSED WITHOUT PREJUDICE**  in its entirety.

Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to

such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102.  A party must file any objections  within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

*Robert Hayes Scott*
**ROBERT HAYES SCOTT**
**UNITED STATES MAGISTRATE  JUDGE**
